IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN GUYTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-070 |
| | ) | |
| ROBERT ADAMS, JR.,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 6), his petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner is challenging a twenty-year sentence imposed on June 23, 2016 by the Superior Court of Dodge County for kidnapping and false imprisonment. (Doc. no. 1, pp. 1-2.) Petitioner does not state whether he has filed an appeal.

Petitioner filed the subject petition in the Northern District of Georgia on August 19, 2016. (Id.) Petitioner captioned the petition as filed in the "United States District Courts

[1] Because Petitioner's place of incarceration is Jenkins Correctional Center, the proper Respondent is Warden Robert Adams, Jr., and the Court **DIRECTS** the Clerk to update the docket accordingly.

11th Circuits, State of Georgia" and listed the Respondent as the State of Georgia. (Id.) From this caption, it is unclear whether Petitioner intends to petition this Court or a Georgia state court for relief. As grounds for relief, Petitioner asserts (1) ineffective assistance of counsel, (2) Juror 37 witnessed Petitioner handcuffed in the custody of the Dodge County Sherriff's Department, (3) the verdict is contrary to the evidence, (4) the verdict is strongly against the weight of the evidence, (5) the verdict is inconsistent, creating a presumption of non-unanimity, (6) the evidence failed to prove Petitioner's guilt beyond a reasonable doubt, (7) the trial court committed errors of law, (8) the jury presumed Defendant's guilt from his election not to testify, (9) the verdict is contrary to law and the principles of justice and equity, and (10) the unavailability of trial transcripts and time requirements prevented Petitioner from filing a motion for new trial. (Id.)

## II. DISCUSSION

Petitioner has not shown he exhausted available remedies in state court. Therefore, the federal petition must be dismissed.

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is

deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the

petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not presented any exhausted claims in the present petition. Therefore, the stay and abeyance procedure is inapplicable.

**B. Petitioner Failed to Exhaust State Remedies.**

Petitioner does not allege he has invoked any state court remedies. To the contrary, nothing in his petition indicates he has pursued any state remedies, such as filing an appeal of his conviction or a petition for collateral relief in the state courts. (See doc. no. 1, pp. 1-4.) Nor would he have been able to fully pursue state remedies with such a recent conviction. (See id. at 2.) ("The date of rendition of the final judgment complained of is the 23rd day of June, 2016. . . .") In fact, as described above, it appears Petitioner may actually have intended to file the instant habeas petition in state court. Nothing in Petitioner's filing suggests he has been prevented from asserting his current claims in a state court proceeding. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 6), his petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA